IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MEGAN KEENE GORHAM,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:21-cv-433 (MTT) |
| ) | |
| **HOUSTON HEALTHCARE SYSTEM,** ) **INC.** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Both parties submitted additional material in connection with Defendant Houston Healthcare's motion to dismiss (Doc. 4) for failure to exhaust administrative remedies. Docs. 4-2; 7-1; 7-2; 7-3. As the parties are aware, Plaintiffs proceeding under Title VII must exhaust their administrative remedies by filing a charge with the EEOC before bringing their claims in federal court. See 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5). "Exhaustion of administrative remedies is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment." *Basel v. Secretary of Defense*, 507 F. App'x. 873, 874 (11th Cir. 2013) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008)); *see also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (extending *Bryant* to Title VII cases). Thus, the Court may consider facts outside the pleadings and resolve factual disputes to determine whether an exhaustion defense has merit "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376 (citations omitted).

-2-

Accordingly, the parties shall have until April 25, 2022, to submit any additional material the parties deem necessary to resolve the issue of whether Gorham exhausted her administrative remedies.

**SO ORDERED**, this 8th day of April, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT