IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MEGAN KEENE GORHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:21-cv-433 (MTT) |
| | ) |
| HOUSTON HEALTHCARE SYSTEM, INC. | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Megan Keene Gorham brings this claim for retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Gorham alleges two separate counts of retaliation: the first arising from defendant Houston Healthcare's termination of her employment in 2014, and the second from Houston Healthcare's failure to rehire her in 2021. Doc. 1 ¶¶ 64-117. Houston Healthcare moved to dismiss both claims on exhaustion grounds and specifically argued that Gorham's charge of discrimination was not timely filed with the Equal Employment Opportunity Commission ("EEOC"). Doc. 4. For the following reasons, that motion is **GRANTED in part** and **DENIED in part**.

**I. BACKGROUND**

Houston Healthcare employed Gorham as a Registration Representative from 2011 until her termination in 2014. Doc. 1 ¶ 9. Beginning in 2014, a Houston Healthcare physician sexually harassed Gorham. *Id.* ¶¶ 10-19. On several occasions, Gorham alleges the physician cornered her in a back room where he "would make

sexually explicit comments." *Id.* ¶¶ 14-16.  On one occasion the physician rubbed Gorham's hand and touched her forearm.  *Id.* ¶ 17.  Gorham resisted the physician's advances and later tried to avoid him in the workplace whenever possible.  *Id.* ¶¶ 19-21.

Gorham eventually reported these incidents to her supervisor because she believed that the physician's inappropriate conduct was increasing in severity.  *Id.* ¶¶ 22-23.  In response, Gorham's supervisor encouraged her to file a complaint with human resources.  *Id.* ¶ 24.  Gorham immediately contacted human resources, provided a statement, and was advised an investigation would be initiated.  *Id.* ¶ 25-26.

At first, Gorham was assigned to a different shift than the physician after her complaint was filed.  *Id.* ¶ 28.  Over the course of the next several months, however, their schedules increasingly overlapped.  *Id.* ¶ 29.  When that happened, Gorham contacted her supervisors who would either assign her to work at a different Houston Healthcare facility or tell Gorham to take personal leave.  *Id.* ¶ 30.  In addition to her supervisors, Gorham also raised the issue with several of her co-workers.  *Id.* ¶¶ 32-34.

On September 23, 2014, Gorham was involved in an altercation with a patient which resulted in that patient filing a complaint against Gorham.[1]  Docs. 1 ¶ 35; 4-2; 10 at 1 n.1.  The following day, Houston Healthcare issued Gorham a "Corrective Action Form" for "behavioral" issues.[2]  *Id.*  In addition to the patient's complaint, the "Corrective

---

[1] Gorham's complaint alleges the patient altercation and the subsequent issuance of a "Corrective Action Form" occurred in April 2014.  Doc. 1 ¶ 35.  But, as Gorham notes in her response, a "Corrective Action Form" submitted by Houston Healthcare in connection with its motion to dismiss makes it "possible that these events happened in September 2014, instead."  Doc. 7 at 3 n.1 (citing Doc. 4-2).  Gorham's supplemental declaration concedes that the date as alleged in her complaint was incorrect, and "that these incidents actually occurred in September 2014."  Doc. 10 at 1 n.1.

[2] Gorham initially objected to Houston Healthcare's introduction of the "Corrective Action Form" because it "is not 'central to the viability of Plaintiff's claims,' as Defendant contends."  Doc. 7 at 3-4 n.2-3.  Following Gorham's objection, the Court provided the parties notice of the exhaustion standard and an opportunity to further supplement the record with evidence relevant to the issue of whether Gorham exhausted her

Action Form," which Gorham signed, addressed the fact that Gorham "discussed prior issues" concerning the physician with co-workers after she had been told by human resources to keep the matter confidential, as well as one occasion where Gorham had to swap schedules with another employee due to a personal conflict which resulted in Gorham working the same shift as the physician in question.  Doc. 4-2.  In other words, the "Corrective Action Form" made clear that Gorham was being disciplined for misconduct which she now contends was protected activity.  As a result of these alleged infractions, Houston Healthcare gave Gorham a "written warning – level 2" and placed her on probation for a year.  *Id.*  Finally, the "Corrective Action Form" noted further violations could "result in further corrective action up to and including termination of employment."  *Id.*

The next day, Houston Healthcare terminated her employment.  Docs. 1 ¶ 37; 10 ¶ 6; 10-1.  According to Gorham, she was asked to leave the property without seeing or signing her separation notice.  Docs. 1 ¶¶ 37, 51; 10 ¶ 7.  According to Houston Healthcare, Gorham "refused to come in as directed."  Doc. 12-4.  During subsequent unemployment benefits proceedings with the Department of Labor, Gorham alleges the only stated reason for her termination was her altercation with a patient.  Docs. 1 ¶ 39; 10 ¶¶ 8-9.  However, Houston Healthcare contends it provided the Department of Labor a full explanation for Gorham's termination—including the protected activity discussed above—during the proceedings.  Doc. 12-6 at 2, 5-6.

---

administrative remedies.  Doc. 9.  Both parties did so, and among other things, Gorham submitted the same "Corrective Action Form" that was the subject of her previous objection and averred to its authenticity.  Docs. 10; 10-1.  Accordingly, Gorham no longer objects to the Court's consideration of the "Corrective Action Form."  The Court's record citations are to the Form as originally submitted by Houston Healthcare (Doc. 4-2).

Seven years later, in April 2021, Gorham applied to work for Houston Healthcare once again.  Docs. 1 ¶ 41; 10-4.  Houston Healthcare advised her that she was "not eligible for rehire."  Doc. 10-5.  Gorham appealed that decision, and the appeal was denied.  Docs. 10-6; 10-7.  Seeking to understand why, Gorham contacted Houston Healthcare's Director of Human Resources who advised Gorham that she was terminated because she discussed her sexual harassment complaint with a co-worker and that she was ineligible for rehire because she failed to sign her 2014 termination notice.  Docs. 1 ¶¶ 49-50; 10-8.  Gorham then submitted her Charge of Discrimination to the EEOC on July 21, 2021.  Docs. 1 ¶ 60; 10-9.  On September 9, 2021, the EEOC issued a dismissal and notice of rights after determining that Gorham's charge was untimely.  Docs. 1 ¶¶ 61-62; 10-10.  Gorham filed her complaint on December 6, 2021, (Doc. 1), and Houston Healthcare subsequently moved to dismiss.  Doc. 4.

## II. STANDARD

Plaintiffs proceeding under Title VII must exhaust their administrative remedies by filing a charge with the EEOC before bringing their claims in federal court.  *See* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5).  "Exhaustion of administrative remedies is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment."  *Basel v. Secretary of Defense*, 507 F. App'x. 873, 874 (11th Cir. 2013) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008)); *see also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (extending *Bryant* to Title VII cases).  Thus, the Court may consider facts outside the pleadings and resolve factual disputes to determine whether an exhaustion defense has merit "so long as the factual disputes do not decide the

merits and the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376 (citations omitted).

The Court recognizes that this standard of review could be questioned after the Supreme Court's ruling in *Fort Bend County v. Davis*, that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating adjudicatory authority of the courts." 139 S.Ct. 1843, 1851 (2019).  Although *Fort Bend County* does not directly implicate the reasoning of the cases cited above, it is possible that *Fort Bend County* could lead the Eleventh Circuit to revisit the procedure for resolving Title VII exhaustion issues, particularly given that its decisions extending *Bryant* to Title VII are unreported.  *See Swauger v. Ashley,* 2020 WL 2218937, at *3 n.2 (N.D. Ala. May 7, 2020) (addressing the possible implication of *Fort Bend County* on Title VII federal claims), *aff'd and remanded sub nom. Swauger v. Dep't of Def. - Def. Intel. Agency*, 852 F. App'x 393 (11th Cir. 2021).  Finally, as will be discussed, Gorham's reliance on equitable tolling to excuse her failure to exhaust arguably complicates the standard of review.

In any event, both parties submitted additional material in connection with Houston Healthcare's motion to dismiss on exhaustion grounds.  Docs. 4-2; 7-1; 7-2; 7-3.  After a review of that material, the Court provided notice to the parties that such material is properly considered in resolving Houston Healthcare's exhaustion motion and provided the parties an opportunity to further supplement the record with any additional evidence the parties deemed necessary to resolve the issue of whether Gorham exhausted her administrative remedies.  Doc. 9.  Both parties did so.  Docs. 10;

10-1; 10-2; 10-3; 10-4; 10-5; 10-6; 10-7; 10-8; 10-9; 10-10; 12; 12-1; 12-2; 12-3; 12-4; 12-5; 12-6; 12-7.  Neither party objects to the Court's consideration of this evidence.

### III. DISCUSSION

In a non-deferral state like Georgia, a plaintiff must file an EEOC charge within 180 days of the last alleged discriminatory act. *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003) (citing 42 U.S.C. § 2000e–5(e)(1)).  "A failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act." *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir. 1985).  In other words, where the employee's request for reinstatement merely seeks to redress the original discharge, the employer's denial of that request does not create a new cause of action. *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 763 n.10 (11th Cir. 1995).

Gorham filed her charge of discrimination on July 21, 2021—seven years after her termination.  Doc. 1 ¶¶ 37, 60.  After the EEOC dismissed her charge on timeliness grounds, Gorham filed her complaint which alleged two separate counts of Title VII retaliation: the first arising from Houston Healthcare's termination of her employment in 2014, and the second arising from Houston Healthcare's failure to rehire her in 2021.  Docs. 1 ¶¶ 64-117; 10-10.  In her second count, Gorham attempts, as best the Court can tell, to allege facts establishing an equitable tolling response to the obvious implications of filing a charge years after her termination.  Houston Healthcare argues that Count II does not allege a new and discrete act of discrimination, and thus, must fail.  Doc. 4 at 5-6.  In response, Gorham only argues generally, i.e., as to both Counts, that equitable tolling saves her claims.  Doc. 7 at 9-13.  If Gorham does not read Count

II to allege a new and discrete act of discrimination, the Court will not either.  The law, which Gorham does not dispute, is clear: "[a] failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act." *Burnam*, 755 F.2d at 894.  As such, that claim (Count II) is **DISMISSED without prejudice**.

Gorham's remaining retaliation claim that stems from her 2014 termination only survives if equitable tolling is warranted.  Equitable tolling is an extraordinary remedy and thus must be applied sparingly.  *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  Equitable tolling can relieve a plaintiff from the clear requirements of Title VII only if (1) the plaintiff diligently pursued her rights, and (2) some extraordinary circumstance prevented timely filing.  *Villarreal v. R.J. Reynolds Tobacco Company*, 839 F.3d 958, 971 (11th Cir. 2016).  When a plaintiff alleges fraud or active misrepresentation on the part of the defendant as a basis for equitable tolling, "the statute does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Id.* at 972 (*quoting Reeb v. Econ. Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)).[3]

With respect to this inquiry, Houston Healthcare contends the relevant question "is whether a reasonably prudent person would know why she was fired if, the day before, she received a written disciplinary form listing reasons for the discipline." Doc. 8 at 4 (citing *Villarreal*, 839 F.3d at 958).  Put another way, did Gorham know Houston Healthcare disciplined her for reasons she believed were retaliatory?  Arguably, it is

---

[3] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

undisputed that the "Corrective Action Form" provided such notice because that form disciplined Gorham for engaging in activity she says is protected—reporting sexual harassment to human resources.  *See* Doc. 4-2.  But, as noted, adding equitable tolling to the mix arguably complicates the standard of review.  *See Mesones v. Estevez*, 2021 WL 3721324, at *3-*4 (11th Cir. Aug. 23, 2021).  The Court cannot find and the parties have not provided clear guidance on how issues of equitable tolling are resolved in the context of Title VII exhaustion.  Accordingly, Houston Healthcare's motion to dismiss Gorham's retaliation claim stemming from her 2014 termination (Count I) is **DENIED**.  However, the issue still should be resolved expeditiously.  The Court will convene a status conference to address how that will be done.  In advance of that conference, counsel will discuss the law and facts, and the discovery required to establish those facts, relevant to Gorham's equitable tolling argument.

## IV. CONCLUSION

For the reasons discussed above, Houston Healthcare's motion to dismiss (Doc. 4) is **GRANTED in part** and **DENIED in part**.  Gorham's Title VII retaliation claim stemming from her 2014 termination (Count I) will proceed to discovery for the limited purpose of determining whether equitable tolling is warranted.

**SO ORDERED**, this 15th day of June, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT